

ORIGINAL

08 MAR 20  AM 8:43

RICHARD W. WIEKING
U.S. DISTRICT COURT

1   **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

3   Name  BRASURE , SPENCER  R.

4        (Last)            (First)          (Initial)

5   Prisoner Number  * P 10000

6   Institutional Address  SAN QUENTIN STATE PRISON

7   P.O. BOX * P 10000

8

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10
    SPENCER R. BRASURE , et. al.          C08   01528   JF
11  (Enter the full name of plaintiff in this action.)

12                    vs.                  Case No. _____
                                          (To be provided by the clerk of court)
13  ROBERT AYERS, WARDEN , et. al.
                                          **COMPLAINT UNDER THE
14  _____ )            CIVIL RIGHTS ACT,
                                          42 U.S.C §§ 1983**
15  _____

16  _____            )
    (Enter the full name of the defendant(s) in this action))
17  _____            )

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.   Exhaustion of Administrative Remedies

20       [**Note:** You must exhaust your administrative remedies before your claim can go

21       forward.  The court will dismiss any unexhausted claims.]

22       A.    Place of present confinement  SAN QUENTIN STATE PRISON

23       B.    Is there a grievance procedure in this institution?

24                 YES (X)      NO ( )

25       C.    Did you present the facts in your complaint for review through the grievance

26             procedure?

27                 YES (X)      NO ( )

28       D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                 - 1 -

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal #04-3093, FILED ON: 12-06-04 INFORMAL LEVEL REVIEW "BYPASSED" TO FIRST FORMAL LEVEL 2. First formal level #04-3093, "BYPASS" FROM INFORMAL LEVEL FOR REVIEW: "DENIED" ON: 12-27-04

3. Second formal level #04-3093, FILED ON: 01-22-05, ADMINISTRATION "CANCELLED" AS AN ALLEGED DUPLICATE, ON: 02-14-05 4 Third formal level #04-3093, FILED ON: 02-25-05. SACRAMENTO REFUSED TO ADDRESS, STANDING BY "CANCELLED" DECISION.

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✗)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. NO OTHER ADMINISTRATIVE EXHAUSTION REMEDIES AVAILABLE.

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

SPENCER R. BRASURE, et. al.
SAN QUENTIN STATE PRISON
P.O. BOX #P10000

B. Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                    - 2 -

1    place of employment.

2    ROBERT AYERS , WARDEN , et. al.

3    SAN QUENTIN STATE PRISON

4

5

6    _____ III.

7    Statement of Claim

8    State here as briefly as possible the facts of your case. Be sure to describe how each

9    defendant is involved and to include dates, when possible. Do not give any legal arguments or

10    cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11    separate numbered paragraph.

12    ON AUGUST 24, 1998, PETITIONER WAS SENTENCED TO DEATH.

13    WITHIN THE ABSTRACT OF JUDGEMENT THAT SENTENCED

14    PETITIONER TO DEATH, A RESTITUTION ORDER AND FINE

15    WERE IMPOSED, (SEE EXHIBIT #2, PAGES #32 - 35). PRIOR

16    TO THE PERFECTION OF PETITIONER'S AUTOMATIC APPEAL,

17    RESPONDANT BEGAN COLLECTING THE RESTITUTION PORTION

18    OF THE ABSTRACT OF JUDGEMENT FROM PETITIONER'S

19    TRUST ACCOUNT. AFTER EXHAUSTING ADMINISTRATIVE

20    REMEDIES, PETITIONER FILED A **CONDITION OF**

21    **CONFINEMENT** WRIT OF HABEAS CORPUS IN THE SUPERIOR

22    COURT OF MARIN COUNTY, THEN THE FIRST DISTRICT COURT

23    OF APPEAL, AND THEN THE CALIFORNIA SUPREME COURT,

24    ENDING IN THIS COURT            **— CONTINUED —**

25    IV.    Relief

26    Your complaint cannot go forward unless you request specific relief. State briefly exactly

27    what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28    ORDER SAN QUENTIN STATE PRISON/CDCR TO RETURN ALL

COMPLAINT                    - 3 -

1  RESTITUTION COLLECTED THUS FAR, WITH INTEREST; CEASE ALL
2  COLLECTIONS OF RESTITUTION UNTIL ALL APPEAL OPTIONS HAVE
3  BEEN COMPLETELY EXHAUSTED; RETURN THE PRISON'S
4  PROCESSING FEE FROM THE RESTITUTION COLLECTIONS; ISSUE
5  SAID ORDER(S) AS RETROACTIVE; HOLD SAN QUENTIN
6  STATE PRISON / CDCR RESPONSIBLE        — CONTINUED —

7      I declare under penalty of perjury that the foregoing is true and correct.

8

9      Signed this ___7TH.___ day of __FEBRUARY__, 20 _08_

10

11                    _Spencer R. Brasure_
12                    (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**— CONTINUED FROM PAGE #3, III. STATEMENT OF CLAIM —**

1  UNDER A 28 USC §2254, (ALL HEREIN), CONTENDING AN
2  AUTOMATIC APPEAL FROM A JUDGEMENT OF CONVICTION,
3  STAYS THE EXECUTION OF THE ABSTRACT OF JUDGEMENT,
4  INCLUDING THE COLLECTION OF RESTITUTION, IN ALL CASES
5  WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED. (SEE
6  EXHIBIT #2, PAGES #17-37). THE MARIN COUNTY SUPERIOR
7  COURT DENIED THE PETITION, CLAIMING THE TRIAL COURT DID
8  NOT ORDER A STAY OF THE RESTITUTION, DESPITE FINDING
9  THAT THE ABSTRACT OF JUDGEMENT IMPOSING THE DEATH
10 SENTENCE, INCLUDED THE COURT ORDER RESTITUTION. (SEE
11 EXHIBIT #2, PAGES #32-35). PETITIONER THEN FILED A SECOND
12 WRIT OF HABEAS CORPUS WITH THE FIRST DISTRICT COURT OF
13 APPEAL, CONTENDING AN AUTOMATIC APPEAL OF A JUDGEMENT
14 OF CONVICTION, AUTOMATICALLY STAYS THE EXECUTION OF THE
15 ENTIRE ABSTRACT OF JUDGEMENT IN ALL CASES WHERE A
16 SENTENCE OF DEATH IS INCLUDED IN THE ABSTRACT OF JUDGEMENT.
17 (SEE EXHIBIT #2, PAGES #17-37). PETITIONER IS UNCLEAR AS TO
18 WHY THE FIRST DISTRICT COURT OF APPEAL DENIED THE SECOND
19 WRIT OF HABEAS CORPUS AS NO REASON WAS GIVEN IN THEIR
20 NOTICE. (SEE EXHIBIT #1, PAGE #16-A). HOWEVER, THE SUPERIOR
21 COURT NOTED, THE RESTITUTION IMPOSED IN CRIMINAL CASES,
22 IS ALSO ENFORCEABLE AS IF THE ORDER WERE A CIVIL JUDGEMENT.
23 ACCORDING TO THE SUPERIOR COURT, WHILE THE DEATH SENTENCE
24 IS STAYED PENDING THE AUTOMATIC APPEAL, THE CIVIL REMEDY
25 PROVIDED FOR RESTITUTION IS NOT AUTOMATICALLY STAYED. (SEE
26 EXHIBIT #3, PAGES #38-42), WHILE IT REMAINS DIFFICULT TO
27 CONTEND THE DENIAL OF THE FIRST DISTRICT COURT OF APPEAL,
28 AS NO REASON WAS GIVEN TO THE PETITIONER, THE

⑤

**— CONTINUED —**

— CONTINUED FROM PAGE #3, III. STATEMENT OF CLAIM —

1  PETITIONER CONTENDS THE SUPERIOR COURT ERRED, BECAUSE

2  IT IS NOT JUST THE SENTENCE OF DEATH THAT IS STAYED DURING

3  THE PERFECTION OF THE AUTOMATIC APPEAL, BUT ALSO, THE

4  EXECUTION OF THE ENTIRE ABSTRACT OF JUDGEMENT IS

5  STAYED. ACCORDING TO JUDICIAL COUNCIL FORM CR-110/JV-790, A

6  RESTITUTION ORDER FUNCTIONS AS AN ABSTRACT OF JUDGEMENT

7  (SEE EXHIBIT #4, PAGES #43 & 44). THE SUPERIOR COURT

8  ACKNOWLEDGES THERE IS ONLY ONE ABSTRACT OF JUDGEMENT,

9  THEREFORE THE EXECUTION OF THAT ABSTRACT OF JUDGEMENT,

10  INCLUDING THE RESTITUTION ORDER CONTAINED IN THAT

11  ABSTRACT IS STAYED PENDING THE PERFECTION OF THE

12  AUTOMATIC APPEAL, WHERE A SENTENCE OF DEATH HAS BEEN

13  IMPOSED.

— CONTINUED FROM PAGE #3, IV. RELIEF —

1  FOR ALL FILING FEE'S, COURT COSTS, ATTORNEY FEE'S, AND ANY

2  OTHER FEE'S THE COURT SEE'S FIT; ISSUE PUNITIVE DAMAGES

3  OF $1 MILLION DOLLARS; ISSUE COMPENSATORY DAMAGES FOR

4  PAIN AND SUFFERING OF $1 MILLION DOLLARS; ISSUE ANY OTHER

5  AWARDS THAT THIS COURT FINDS NECESSARY.

6    IF SUCH AN ORDER IS MADE, THE CLERK OF THE COURT

7  SHALL ISSUE A CLEARLY UNDERSTOOD CERTIFICATE STATING THAT

8  SUCH AN ORDER HAS BEEN MADE.

9    SHOULD SUCH AN ORDER NOT BE MADE AT THIS TIME

10  PETITIONER WOULD THEN REQUEST AN ORDER FOR INJUNCTION

11  RELIEF BE ISSUED WHILE FURTHER LEGAL PURSUITS ARE MADE.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | | |
|---|---|---|---|
| Name BRASURE, SPENCER R. | Prisoner No. P-10000 | | Case No. |

Place of Confinement

SAN QUENTIN STATE PRISON

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| SPENCER R. BRASURE    v.    ROBERT AYERS, WARDEN | |

The Attorney General of the State of:  CALIFORNIA , BILL LOCKYER

## PETITION

1. Name and location of court which entered the judgment of conviction under attack    THIS IS A MATTER OF: CONDITION OF CONFINEMENT (SEE ATTACHED PETITION AS EXHIBIT #1 )

2. Date of judgment of conviction ___N/A___

3. Length of sentence ___DEATH___

4. Nature of offense involved (all counts) ___N/A___

_____

_____

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_____

_____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment?
   Yes ☒  No ☐

(2)

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher.

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _CALIFORNIA SUPREME COURT_

   (b) Result _PENDING_

   (c) Date of result and citation, if known _N/A_

   (d) Grounds raised _AUTOMATIC DIRECT APPEAL_

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
     (1) Name of Court

     (2) Result

     (3) Date of result and citation, if known

     (4) Grounds raised

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:
     (1) Name of Court

     (2) Result

     (3) Date of result and citation, if known

     (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

   Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following:
     (1) Name of Court

     (2) Nature of proceeding

     (3) Grounds raised

AO 241 (Rev. 5/85)

_____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____ N/A _____
_____
_____
_____
_____
_____

(4) Do You receive an evidentiary hearing on petition, application or motion?
Yes ☐  No ☒

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.        Yes ☒   No ☐
(2) Second petition,          Yes ☐   No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly the facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
     CAUTION: In order to Proceed in the federal court you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, YOU may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you *should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: PENAL CODE §1243

Supporting FACTS (state *briefly* without citing cases or law) AN APPEAL TO THE SUPREME COURT OR TO A COURT OF APPEAL FROM A JUDGEMENT OF CONVICTION STAYS THE EXECUTION OF THE JUDGEMENT IN ALL CASES WHERE SENTENCE OF DEATH HAS BEEN IMPOSED, BUT DOES NOT STAY THE EXECUTION OF THE JUDGEMENT OR ORDER GRANTING PROBATION IN ANY OTHER CASE UNLESS THE TRIAL OR APPELLATE COURT SHALL SO ORDER. THE GRANTING OR REFUSAL OF SUCH ORDER **— CONTINUED —**

B. Ground two: CALIFORNIA CODE OF CIVIL PROCEDURE §916(a)

Supporting FACTS (state *briefly* without citing cases or law): **(a) EXCEPT AS PROVIDED** IN SECTIONS 917.1 TO 917.9, INCLUSIVE, AND IN SECTION 116.810, THE PERFECTING OF AN APPEAL STAYS PROCEEDINGS IN THE TRIAL COURT UPON THE JUDGEMENT OR ORDER APPEALED FROM OR UPON THE MATTERS EMBRACED THEREIN OR AFFECTED THEREBY, INCLUDING ENFORCEMENT OF THE JUDGEMENT OR ORDER, BUT THE TRIAL COURT MAY PROCEED UPON ANY OTHER MATTER EMBRACED IN THE ACTION AND NOT AFFECTED BY THE JUDGEMENT OR ORDER.

AO 241 (Rev 5/85)

C. Ground three: PENAL CODE § 1239 (b)

Supporting FACTS (state *briefly* without citing cases or law): IN PERTINENT PART:
WHEN... A JUDGEMENT OF DEATH IS RENDERD, AN
APPEAL IS AUTOMATICALLY TAKEN BY THE DEFENDANT...

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12 A, B, C and D were not previously presented in any other court, state or federal, state *briefly* what the grounds were not so presented, and give your reason for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing    N/A

   (b) At arraignment and plea    N/A

AO 241 (Rev. 5/85)

(c) At trial _____ N/A _____

(d) At sentencing _____ N/A _____

(e) On appeal _____ N/A _____

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
future:

(b) Give date and length of the above sentence: _____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

_____
(date)

_Spencer R. Brasure_
Signature of Petitioner

(7)

1  — CONTINUED FROM PAGE 5, GROUND 1 —

2

3  SHALL REST IN THE DISCRETION OF THE COURT. IF SUCH

4  ORDER IS MADE, THE CLERK OF THE COURT SHALL ISSUE

5  A CERTIFICATE STATING THAT SUCH ORDER HAS BEEN

6  MADE.

EXHIBIT #1

MAY 09, 2006

SPENCER R. BRASURE
FILING IN PROPRIA PERSONA
SAN QUENTIN STATE PRISON
P.O. BOX # P10000
SAN QUENTIN, CALIFORNIA 94964

RE: WRIT OF HABEAS CORPUS  FOR  CONDITION  OF
    CONFINEMENT , AND
    DECLARATION OF PETITIONER IN SUPPORT OF MOTION
    FOR APPOINTMENT OF COUNSEL

CALIFORNIA SUPREME COURT
OFFICE OF THE CLERK
350 McALLISTER STREET
SAN FRANCISCO, CALIFORNIA 94102

DEAR COURT CLERK,

     I AM CURRENTLY ON DEATH ROW. I WISH TO FILE
THE ENCLOSED WRIT OF HABEAS CORPUS FOR A CONDITION OF
CONFINEMENT AND MOTION FOR APPOINTMENT OF COUNSEL WITH
ATTACHED DECLARATION WITH THIS COURT. ENCLOSED IS THE
ORIGINALS WITH REQUIRED COPIES PLUS ONE EXTRA COPY TO BE
STAMPED "FILED" AND RETURNED IN THE ENCLOSE SELF ADDRESSED
ENVELOPE FOR THIS INDIGENT INMATE.
          THANK YOU.

                    RESPECTFULLY,

                    Spencer R. Brasure
                    SPENCER R. BRASURE

SPENCER R. BRASURE
FILING IN PROPRIA PERSONA
SAN QUENTIN STATE PRISON
P.O. BOX #P10000
SAN QUENTIN, CALIFORNIA 94964


## CALIFORNIA SUPREME COURT

|  |  |
|---|---|
| In re  SPENCER R. BRASURE | CASE NO. _____ |
|  | MOTION FOR APPOINMENT OF COUNSEL |

TO: THE HONORABLE RONALD GEORGE, PRESIDING:

PETITIONER SPENCER R. BRASURE HEREBY REQUESTS THIS COURT TO APPOINT COUNSEL TO REPRESENT PETITIONER IN THE PETITION FOR WRIT OF HABEAS CORPUS, BEING FILED CONCURRENTLY WITH THIS MOTION.

THIS MOTION IS BASED ON THE FOLLOWING DECLARATION OF PETITIONER HERE ATTACHED.


DATE: MAY 09, 2006


RESPECTFULLY SUBMITTED,


*Spencer R. Brasure*
SPENCER R. BRASURE

DECLARATION OF SPENCER R. BRASURE

I, SPENCER R. BRASURE, DO HEREBY DECLARE:

I AM THE PETITIONER IN THE CONDITION OF CONFINEMENT PETITION FOR WRIT OF HABEAS CORPUS FILED CONCURRENTLY WITH THIS MOTION.

THE ISSUE SET FORTH IN THE PETITION IS COMPLEX, AND I LACK THE EDUCATION AND LEGAL EXPERIENCE REQUIRED TO LITIGATE THE ISSUE BEFORE THIS COURT.

I AM INDIGENT AND LACK THE FUNDS AND/OR COLLATERAL REQUIRED TO HIRE AN ATTORNEY.

I DO NOT HAVE ADEQUATE ACCESS TO AN UPDATED LAW LIBRARY.

BASED ON THESE FACTS, PETITIONER REQUEST THIS COURT TO APPOINT AN ATTORNEY FOR PROPER REPRESENTATION OF THE ISSUES.

I, SPENCER R. BRASURE, HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVEFOREMENTION IS TRUE AND CORRECT AS EXECUTED ON THIS 9TH. DAY OF MAY, 2006.

Spencer R. Brasure
SPENCER R. BRASURE
DECLARANT

SPENCER R. BRASURE
FILING IN PROPRIA PERSONA
SAN QUENTIN STATE PRISON
P.O. BOX # P10000
SAN QUENTIN, CALIFORNIA 94964


## CALIFORNIA SUPREME COURT

In re  SPENCER R. BRASURE

CASE NO. _____

MOTION FOR APPOINMENT
OF COUNSEL


TO: THE HONORABLE RONALD GEORGE, PRESIDING:

PETITIONER SPENCER R. BRASURE HEREBY REQUESTS THIS COURT TO APPOINT COUNSEL TO REPRESENT PETITIONER IN THE PETITION FOR WRIT OF HABEAS CORPUS, BEING FILED CONCURRENTLY WITH THIS MOTION.

THIS MOTION IS BASED ON THE FOLLOWING DECLARATION OF PETITIONER HERE ATTACHED.


DATE: MAY 09, 2006


RESPECTFULLY SUBMITTED,

_Spencer R. Brasure_
SPENCER R. BRASURE

DECLARATION OF SPENCER R. BRASURE

I, SPENCER R. BRASURE, DO HEREBY DECLARE:

I AM THE PETITIONER IN THE CONDITION OF CONFINEMENT PETITION FOR WRIT OF HABEAS CORPUS FILED CONCURRENTLY WITH THIS MOTION.

THE ISSUE SET FORTH IN THE PETITION IS COMPLEX, AND I LACK THE EDUCATION AND LEGAL EXPERIENCE REQUIRED TO LITIGATE THE ISSUE BEFORE THIS COURT.

I AM INDIGENT AND LACK THE FUNDS AND/OR COLLATERAL REQUIRED TO HIRE AN ATTORNEY.

I DO NOT HAVE ADEQUATE ACCESS TO AN UPDATED LAW LIBRARY.

BASED ON THESE FACTS, PETITIONER REQUEST THIS COURT TO APPOINT AN ATTORNEY FOR PROPER REPRESENTATION OF THE ISSUES.

I, SPENCER R. BRASURE, HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVEFOREMENTION IS TRUE AND CORRECT AS EXECUTED ON THIS 9TH. DAY OF MAY, 2006.

_Spencer R. Brasure_
SPENCER R. BRASURE
DECLARANT

Name   SPENCER R. BRASURE                                MC-275

Address   SAN QUENTIN STATE PRISON

   P.O. BOX # P10000

   SAN QUENTIN, CALIFORNIA 94964

CDC or ID Number   # P10000

## CALIFORNIA SUPREME COURT

_(Court)_

| |
|---|
| SPENCER R. BRASURE |
| Petitioner |
| VS. |
| J.S. WOODFORD, DIRECTOR; J. BROWN, WARDEN; S. PETRAKIS, A.W.; T. STANLEY, A.W. T. I. SUP.; K. MITCHELL, B.S.I.; SHERE, S.O. TRUST; T. SURGES; N. GRANIS, INMATE APPEAL BRANCH |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. _____

_(To be supplied by the Clerk of the Court)_

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form _before_ answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page one of six
Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

☐ A conviction ☐ Parole

☐ A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

☒ Other (specify): _CONDITION OF CONFINEMENT_

1. Your name: SPENCER R. BRASURE

2. Where are you incarcerated? SAN QUENTIN STATE PRISON

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   MURDER, TORTURE

   b. Penal or other code sections: 187; 207(a); 206; 451(d); 182(a)(1); 664/487(a); 451(d); 182(a)(1); 140; 140; 140; 140; 166(a)(4)

   c. Name and location of sentencing or committing court: VENTURA COUNTY SUPERIOR COURT; 800 S. VICTORIA AVE.; VENTURA, CALIFORNIA 93009-0001

   d. Case number: CR 42412A

   e. Date convicted or committed: AUGUST 24, 1998

   f. Date sentenced: _____

   g. Length of sentence: DEATH

   h. When do you expect to be released? 2008

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

   CHARLES CASSY; 1190 S. VICTORIA AVE, STE# 203; VENTURA, CALIFORNIA 93003

   STEVEN POWELL; 1000 SOUTH HILL ROAD, STE.# 210; VENTURA, CALIFORNIA 93003

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

5.  GROUNDS FOR RELIEF

Ground 1:  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

THE COLLECTION OF VICTIM RESTITUTION AND RESTITUTION FINE **EMBRACED** WITHIN THE ABSTRACT OF JUDGEMENT THAT SENTENCED PETITIONER TO DEATH, IS A VIOLATION OF PENAL CODE SECTIONS 1239, AND 1243, AND THE DUE PROCESS CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS.

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

ON AUGUST 24, 1998, PETITIONER WAS SENTENCED TO DEATH, WITHIN THE ABSTRACT OF JUDGEMENT THAT SENTENCED PETITIONER TO DEATH, A RESTITUTION ORDER AND FINE WERE IMPOSED. (EX. #2, PAGES #32-35). PRIOR TO THE PERFECTION OF PETITIONER'S AUTOMATIC APPEAL, RESPONDENT BEGAN COLLECTING THE RESTITUTION PORTION OF THE ABSTRACT OF JUDGEMENT FROM PETITIONER'S TRUST ACCOUNT. AFTER EXHAUSTING ADMINISTRATIVE REMEDIES, PETITIONER FILED A **CONDITION OF CONFINEMENT** WRIT OF HABEAS CORPUS IN THE SUPERIOR COURT OF MARIN COUNTY, CONTENDING AN AUTOMATIC APPEAL FROM A JUDGEMENT OF CONVICTION, STAYS THE EXECUTION OF THE ABSTRACT OF JUDGEMENT, INCLUDING THE COLLECTION OF RESTITUTION, IN ALL CASES WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED, (EX. 2, PAGES 17-37). THE MARIN COUNTY

— CONTINUED —

b.  Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

PENAL CODES §1239(b) AND §1243

7. Ground 2 or Ground _____ *(if applicable)*:

_____

_____

_____

_____

a.   Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.   Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☒ N/A No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

b. Result: _____  c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

    (2) _____

    (3) _____

f. Were you represented by counsel on appeal? ☐ Yes. ☒ N/A No.  If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No.  If yes, give the following information:

a. Result: PENDING ON AUTOMATIC APPEAL  b. Date of decision: _____

c. Case number or citation of opinion, if known: S072949

d. Issues raised: (1) BRIEFING IN PROGRESS

    (2) _____

    (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

CONDITION OF CONFINEMENT ISSUE.

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

APPELLANT SOUGHT ADMINISTRATIVE REVIEW, WITH THIS PRISON AT SAN QUENTIN, AT ALL AVAILABLE LEVELS, UTILIZING THE INMATE 602 APPEAL PROCEDURE, ALL HEREIN ENCLOSED AS EXHIBITS. APPELLANT FURTHER SOUGHT ADMINISTRATIVE REVIEW AT THE DIRECTOR'S LEVEL AS WELL

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

EXHAUSTING ADMINISTRATIVE REMEDIES, WAITING IN LINE TO UTILIZE INMATE LAW LIBRARY, AND WAITING FOR ALL NECESSARY COPYING SERVICES.

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

NOT ON THIS CONDITION OF CONFINEMENT ISSUE.

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes. ☐ No. If yes, explain:

AUTOMATIC APPEAL PENDING IN CALIFORNIA SUPREME COURT, AND WRIT OF HABEAS CORPUS PENDING IN MARIN COUNTY SUPERIOR COURT.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

APPEALING TO THIS COURT AFTER A DENIAL RENDERED IN FIRST DISTRICT COURT OF APPEAL

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: MAY 09, 2006

▶ Spencer R. Brasure

(SIGNATURE OF PETITIONER)

— CONTINUED FROM PAGE #3 , SUPPORTING FACTS —

SUPERIOR COURT DENIED THE PETITION, CLAIMING THE TRIAL COURT DID NOT ORDER A STAY OF THE RESTITUTION, DESPITE FINDING THAT THE ABSTRACT OF JUDGEMENT IMPOSING THE DEATH SENTENCE, INCLUDED THE COURT ORDER RESTITUTION. (EX. 2 , PGS. #32-'35). PETITIONER THEN FILED A SECOND WRIT OF HABEAS CORPUS WITH THE FIRST DISTRICT COURT OF APPEALS, CONTENDING AN AUTOMATIC APPEAL OF A JUDGEMENT OF CONVICTION, AUTOMATICALLY STAYS THE EXECUTION OF THE ENTIRE ABSTRACT OF JUDGEMENT IN ALL CASES WHERE A SENTENCE OF DEATH IS INCLUDED IN THE ABSTRACT OF JUDGEMENT. (EX. 2 , PGS. #17-#37 ; PENAL CODES 1239(b), 1243). PETITIONER IS UNCLEAR AS TO WHY THE FIRST DISTRICT COURT OF APPEALS DENIED THE SECOND WRIT OF HABEAS CORPUS AS NO REASON WAS GIVEN IN THEIR NOTICE. (EX. 1 , PG. #16-A). HOWEVER, THE SUPERIOR COURT NOTED, THE RESTITUTION IMPOSED IN CRIMINAL CASES, IS ALSO ENFORCEABLE AS IF THE ORDER WERE A CIVIL JUDGEMENT. ACCORDING TO THE SUPERIOR COURT, WHILE THE DEATH SENTENCE IS STAYED PENDING THE AUTOMATIC APPEAL, THE CIVIL REMEDY PROVIDED FOR RESTITUTION IS NOT AUTOMATICALLY STAYED. (EX. 3 , PGS. #38 - #42). WHILE IT REMAINS DIFFICULT TO CONTEND THE DENIAL OF THE FIRST DISTRICT COURT OF APPEALS, AS NO REASON WAS GIVEN TO THE PETITIONER, THE PETITIONER CONTENDS THE SUPERIOR COURT ERRED BECAUSE UNDER THE WORDING OF PENAL CODE §1243, IT IS NOT JUST THE SENTENCE OF DEATH THAT IS STAYED DURING THE PERFECTION OF THE AUTOMATIC APPEAL , BUT ALSO, THE EXECUTION OF THE ABSTRACT OF JUDGEMENT IS STAYED. ACCORDING TO JUDICIAL COUNCIL FORM CR-110/JV-790, A RESTITUTION ORDER FUNCTIONS AS AN ABSTRACT OF JUDGEMENT (EX. 4 , PGS. #43 ½ #44). THE SUPERIOR COURT ACKNOWLEDGES THERE IS ONLY ONE ABSTRACT OF JUDGEMENT, THEREFORE THE EXECUTION OF THAT ABSTRACT OF JUDGEMENT , INCLUDING THE RESTITUTION ORDER CONTAINED IN THAT ABSTRACT IS STAYED PENDING THE PERFECTION OF THE AUTOMATIC APPEAL, WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED. IN A CASE, WHERE A

⑦

**— CONTINUED FROM PAGE #3, SUPPORTING FACTS —**

DEATH SENTENCE HAS BEEN IMPOSED WITH A RESTITUTION ORDER IN THE SAME ABSTRACT OF JUDGEMENT, ENFORCEMENT OF THE JUDGEMENT THROUGH CIVIL REMEDIES CONFLICTS WITH PENAL CODE SECTIONS 1239(b) AND 1243, AND DENIES PETITIONER HIS DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS.

EXHIBIT #1

Name  SPENCER R. BRASURE

MC-275

Address  SAN QUENTIN STATE PRISON

P.O. BOX #P10000

SAN QUENTIN, CALIFORNIA 94964

CDC or ID Number  #P10000

## CALIFORNIA COURT OF APPEALS

### FIRST DISTRICT
(Court)

SPENCER R. BRASURE

Petitioner

vs.

J.S. WOODFORD, DIRECTOR; J. BROWN, FORMER WARDEN; S. PETRAKIS, AN.I.; I. STANLEY, ACCT. I SUP.; K. MITCHELL, B.S.T.; SHERI, S.Q. TRUST; T. SURGES; N. GRANNIS, INMATE APPEAL BRANCH

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No.  A113476

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 20 (h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

EX. 1, PG. 9

This petition concerns:

☐ A conviction      ☐ Parole

☐ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☒ Other (specify): CONDITION OF CONFINEMENT

1. Your name: SPENCER R. BRASURE

2. Where are you incarcerated? SAN QUENTIN STATE PRISON

3. Why are you in custody? ☒ Criminal Conviction    ☐ Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   MURDER, TORTURE

   b. Penal or other code sections: 187; 207(a); 206: 461(d); 182(a)(1); 664/187(a); 461(d); 182(a)(1); 140; 140; 140; 140; 166(a)(4)

   c. Name and location of sentencing or committing court: VENTURA COUNTY SUPERIOR COURT; 800 S. VICTORIA AVE.; VENTURA, CALIF. 93009-0001

   d. Case number: CR 42412A

   e. Date convicted or committed: AUGUST 24, 1998

   f. Date sentenced: _____

   g. Length of sentence: DEATH

   h. When do you expect to be released? 2008

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:
   CHARLES L. CASSY;
   1190 S. VICTORIA AVE., STE. #203; VENTURA, CALIF. 93003

   STEVEN D. POWELL; 1000 SOUTH HILL ROAD, STE. #210; VENTURA, CALIF. 93003

4. What was the LAST plea you entered? (check one)
   ☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?
   ☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

MC-275 [Rev. January 1, 1999]     **PETITION FOR WRIT OF HABEAS CORPUS**     Page two of six

EX. 1, PG. 10

6.  GROUNDS FOR RELIEF

Ground 1:  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

THE COLLECTION OF VICTIM RESTITUTION AND RESTITUTION FINE EMBRACED WITHIN THE ABSTRACT OF JUDGEMENT THAT SENTENCED PETITIONER TO DEATH, IS A VIOLATION OF PENAL CODE SECTIONS 1239, AND 1243, AND THE DUE PROCESS CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS.

a.  Supporting facts:

Tell your story briefly without citing cases or law.  If you are challenging the legality of your conviction, describe the facts upon which your conviction is based.  If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

ON AUGUST 24, 1998, PETITIONER WAS SENTENCED TO DEATH. WITHIN THE ABSTRACT OF JUDGEMENT THAT SENTENCED PETITIONER TO DEATH, A RESTITUTION ORDER AND FINE WERE IMPOSED. (EX. 1, PAGE 9). PRIOR TO THE PERFECTION OF PETITIONER'S AUTOMATIC APPEAL, RESPONDANT BEGAN COLLECTING THE RESTITUTION PORTION OF THE ABSTACT OF JUDGEMENT FROM PETITIONER'S TRUST ACCOUNT. AFTER EXHAUSTING ADMINISTRATIVE REMEDIES, PETITIONER FILED A **CONDITION OF CONFINEMENT** WRIT OF HABEAS CORPUS IN THE SUPERIOR COURT OF MARIN COUNTY, CONTENDING AN AUTOMATIC APPEAL FROM A JUDGEMENT OF CONVICTION, STAYS THE EXECUTION OF THE ABSTRACT OF JUDGEMENT, INCLUDING THE COLLECTION OF RESTITUTION, IN ALL CASES WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED, (EX. 1, PGS. 7-27). THE MARIN COUNTY SUPERIOR COURT DENIED THE PETITION, CLAIMING THE TRIAL COURT DID NOT ORDER

— CONTINUED —

b.  Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

PENAL CODES §§ 1239(b) AND 1243

**PETITION FOR WRIT OF HABEAS CORPUS**

EX. 1, PG. 11

7. **Ground 2 or Ground** _____ *(if applicable):*

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

EX. 1, PG. 12

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☒ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

b. Result: _____    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☐ Yes. ☒ No.  If yes, state the attorney's name and address, if known:
_____

9. Did you seek review in the California Supreme Court?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Result: _PENDING AUTOMATIC APPEAL_____    b. Date of decision: _____

c. Case number of citation of opinion, if known: _SO72949____

d. Issues raised: (1) _BRIEFING IN PROGRESS____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_CONDITION OF CONFINEMENT ISSUE_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_APPELLANT SOUGHT ADMINISTRATIVE REVIEW, WITH THIS PRISON AT SAN QUENTIN, AT ALL AVAILABLE LEVELS, UTILIZING THE INMATE 602 APPEAL PROCEDURE, ALL HEREIN ENCLOSED AS EXHIBITS. APPELLANT FURTHER SOUGHT ADMINISTRATIVE REVIEW AT THE DIRECTOR'S LEVEL AS WELL._____

_____

_____

b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
Attach documents that show you have exhausted your administrative remedies.

EX. 1, PG. 13

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised:  (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised:  (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

EXHAUSTING ADMINISTRATIVE REMEDIES AND WAITING IN LINE TO UTILIZE INMATE LEGAL LAW SERVICES.

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No.  If yes, state the attorney's name and address, if known:

NOT ON THIS CONDITION OF CONFINEMENT ISSUE.

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes. ☐ No. If yes, explain:

AUTOMATIC APPEAL PENDING IN CALIFORNIA SUPREME COURT

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: March 28, 2006

▶ Spencer R. Brasure
(SIGNATURE OF PETITIONER)

EX. 1, PG. 14

— CONTINUED FROM PAGE 5, SUPPORTING FACTS

A STAY OF THE RESTITUTION, DESPITE FINDING THAT THE ABSTRACT OF JUDGEMENT IMPOSING THE DEATH SENTENCE, INCLUDED THE COURT ORDERED RESTITUTION. (EX. 2, PGS. 28-30).

PETITIONER CONTENDS, AN AUTOMATIC APPEAL OF A JUDGEMENT OF CONVICTION, AUTOMATICALLY STAYS THE EXECUTION OF THE ENTIRE ABSTRACT OF JUDGEMENT IN ALL CASES WHERE A SENTENCE OF DEATH IS INCLUDED IN THE ABSTRACT OF JUDGEMENT. (EX. 1, PGS. 7-27; PENAL CODES 1239(b), 1243). THE SUPERIOR COURT NOTED, THE RESTITION IMPOSED IN CRIMINAL CASES, IS ALSO ENFORCEABLE AS IF THE ORDER WERE A CIVIL JUDGEMENT. ACCORDING TO THE SUPERIOR COURT, WHILE THE DEATH SENTENCE IS STAYED PENDING THE AUTOMATIC APPEAL, THE CIVIL REMEDY PROVIDED FOR RESTITUTION IS NOT AUTOMATICALLY STAYED. (EX. 2, PGS. 28-30). PETITIONER CONTENDS THE SUPERIOR COURT ERRED. BECAUSE UNDER THE WORDING OF PENAL CODE 31243, IT IS NOT JUST THE SENTENCE OF DEATH THAT IS STAYED DURING THE PERFECTION OF THE AUTOMATIC APPEAL, BUT ALSO, THE EXECUTION OF THE ABSTRACT OF JUDGEMENT IS STAYED. ACCORDING TO JUDICIAL COUNCIL FROM CR-110/JV-790, A RESTITUTION ORDER FUNCTIONS AS AN ABSTRACT OF JUDGEMENT (EX. 3, PG. 33). THE SUPERIOR COURT ACKNOWLEDGES THERE IS ONLY ONE ABSTRACT OF JUDGEMENT, THEREFORE THE EXECUTION OF THAT ABSTRACT OF JUDGEMENT, INCLUDING THE RESTITUTION ORDER CONTAINED IN THAT ABSTRACT IS STAYED PENDING THE PERFECTION OF THE AUTOMATIC APPEAL, WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED. IN A CASE, WHERE A DEATH SENTENCE HAS BEEN IMPOSED WITH A RESTITUTION ORDER IN THE SAME ABSTRACT OF JUDGEMENT,

EX. 1, PG. 15

— CONTINUED —

CONTINUED FROM PAGE 3, SUPPORTING FACTS

ENFORCEMENT OF THE JUDGEMENT THROUGH CIVIL REMEDIES
CONFLICTS WITH PENA CODE SECTION'S 1239(b) AND 1243,
AND DENIES PETITIONER HIS DUE PROCESS RIGHTS UNDER
THE STATE AND FEDERAL CONSTITUTIONS.

EX. 1, PG. 16

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA     COPY

FIRST APPELLATE DISTRICT

DIVISION ONE

FILED
COURT OF APPEAL FIRST APPELLATE DISTRICT

APR 2 6 2006

DIANA HERBERT, CLERK
_____ DEPUTY CLERK

| | |
|---|---|
| In re SPENCER R. BRASURE,<br><br>on Habeas Corpus. | A113476<br><br>(Marin County<br>Super. Ct. No. SC 144470A) |

By the Court:[1]

The Motion for Court Ordered Legal Supplies is denied.

The petition for writ of habeas corpus is denied.

The Clerk of this Court is directed to return the original superior court file in In re Spencer R. Brasure On Habeas Corpus, case number SC 144470A, to that court.

Date: APR 2 6 2006 _____

**SWAGER, J.**

_____ Acting P.J.

_____

[1] Before Stein, Acting P.J., Swager, J., and Margulies, J.

EX. 1, PG. 16-A

EXHIBIT #2

Name  SPENCER R. BRASURE

Address  SAN QUENTIN STATE PRISON

P.O. BOX # P10000

SAN QUENTIN, CALIFORNIA 94974

CDC or ID Number  P10000

MC-275

FILED

NOV 0 8 2005

Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. GARDNER, Deputy

## MARIN COUNTY
## SUPERIOR COURT
(Court)

SPENCER R. BRASURE
Petitioner

vs.

J.S. WOODFORD, DIRECTOR ; J. BROWN, WARDEN ;
S. PETRAKIS, AW I ; T. STANLEY, ACT. I SUP. ;
K. MITCHELL, B.S.I. ; SHERI, S.Q. TRUST ;
Respondent   T. SURGES ; N. GRANNIS, INMATE
APPEAL BRANCH

PETITION FOR WRIT OF HABEAS CORPUS

No.  SC144470A
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS – READ CAREFULLY

• If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

• If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

• Read the entire form *before* answering any questions.

• This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

• Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

• If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

• If you are filing this petition in the Court of Appeal, file the original and four copies.

• If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

• Notify the Clerk of the Court in writing if you change your address after filing your petition.

• In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

EX. 2, PG. 17

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [x] Other (specify): _CONDITION OF CONFINEMENT_

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: _SPENCER R. BRASURE_

2. Where are you incarcerated? _SAN QUENTIN STATE PRISON_

3. Why are you in custody? [x] Criminal Conviction  [ ] Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_MURDER, TORTURE_

b. Penal or other code sections: _187; 207(a); 206; 451(d); 182(a)(1); 664/487(a); 451(d); 182(a)(1); 140; 140; 140; 140; 166(a)(4)_

c. Name and location of sentencing or committing court: _VENTURA COUNTY SUPERIOR COURT; 800 S. VICTORIA AVE.; VENTURA, CALIFORNIA 93009-0001_

d. Case number: _CR42412A_

e. Date convicted or committed: _1998_

f. Date sentenced: _AUGUST 24, 1998_

g. Length of sentence: _DEATH_

h. When do you expect to be released? _2008_

i. Were you represented by counsel in the trial court? [x] Yes.  [ ] No.  If yes, state the attorney's name and address:
_CHARLES L. CASSY_
_1190 S. VICTORIA AVE., STE. #203; VENTURA, CALIFORNIA 93003_
_STEVEN D. POWELL_
_1000 SOUTH HILL ROAD, STE. #210; VENTURA, CALIFORNIA 93003_

4. What was the LAST plea you entered? (check one)

[x] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[x] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

EX. 2, PG. 18

**6.  GROUNDS FOR RELIEF**

**Ground 1:**  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

CALIFORNIA DEPARTMENT OF CORRECTIONS IS COLLECTING A RESTITUTION
AND RESTITUTION FINE EMBRACED WITHIN THE ABSTRACT OF JUDGEMENT
ISSUED ON AUGUST 24, 1998 IN VIOLATION OF PENAL CODES
§§ 1239 AND 1243.

**a.  Supporting facts:**

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

ON AUGUST 24, 1998 APPELLANT WAS SENTENCED TO DEATH. IN THE
ABSTRACT OF JUDGEMENT A RESTITUTION ORDER AND FINE WERE
IMPOSED, (SEE ATTACHED ABSTRACT OF JUDGEMENT). RESPONDENT
BEGAN COLLECTING THE RESTITUTION PORTION OF THE JUDGEMENT
FROM APPELLANTS TRUST ACCOUNT IN VIOLATION OF PENAL CODES
§§ 1239 AND 1243. PENAL CODE § 1239 (b) STATES IN PERTINENT PART:
"WHEN... A JUDGEMENT OF DEATH IS RENDERED, AN APPEAL IS
AUTOMATICALLY TAKEN BY THE DEFENDANT." PENAL CODE § 1243 STATES
IN PERTINENT PART: "AN APPEAL... FROM A JUDGEMENT OF
CONVICTION STAYS THE EXECUTION OF THE JUDGEMENT IN ALL
CASES WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED."

**b.  Supporting cases, rules, or other authority (optional):**

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

PENAL CODES §§ 1239(b) AND 1243.

**PETITION FOR WRIT OF HABEAS CORPUS**

EX. 2, PG. 19

7. Ground 2 or Ground _____ (*if applicable*):

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

EX. 2, PG. 20

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒N/A No. If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

  b. Result: _____    c. Date of decision: _____

  d. Case number or citation of opinion, if known: _____

  e. Issues raised: (1) _____

     (2) _____

     (3) _____

  f. Were you represented by counsel on appeal? ☐ Yes. ☒N/A No. If yes, state the attorney's name and address, if known:

  _____

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. If yes, give the following information:

  a. Result: PENDING ON AUTOMATIC APPEAL    b. Date of decision: _____

  c. Case number or citation of opinion, if known: SO72949

  d. Issues raised: (1) BRIEFING IN PROGRESS

     (2) _____

     (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

  CONDITION OF CONFINEMENT ISSUE

11. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

  APPELLANT SOUGHT ADMINISTRATIVE REVIEW, WITHIN THIS PRISON AT SAN QUENTIN, AT ALL AVAILABLE LEVELS, UTILIZING THE INMATE 602 APPEAL PROCEDURE, (SEE ATTACHED INMATE 602 APPEAL). APPELLANT FURTHER SOUGHT ADMINISTRATIVE REVIEW AT THE DIRECTOR'S LEVEL AS WELL.

  b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
    Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1, 1999]     **PETITION FOR WRIT OF HABEAS CORPUS**     Page five of six

EX. 2, PG. 21

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

EXHAUSTING ADMINISTRATIVE REMEDIES.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

NOT ON THIS CONDITION OF CONFINEMENT ISSUE.

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

AUTOMATIC APPEAL PENDING IN CALIFORNIA SUPREME COURT

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _November 07, 2005_                    ▶ _Spencer R. Brasure_
                                                  (SIGNATURE OF PETITIONER)

EX. 2, PG. 22

'FORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

'PEALS BRANCH

ᴗcramento, CA 95814
⌐883
⌐nto, CA 94283-0001



October 1, 2005

Brasure, CDC #P-10000
California State Prison, San Quentin
San Quentin, CA  94964

Re: Institution Appeal Log #SQ 04-3093 Funds

Dear Mr. Brasure:

This office provides the Director's Level Review of inmate/parolee appeals.  The
form must be completed through the Second Level of Review on behalf of the
Warden or Parole Region Administrator.  Your appeal was rejected, withdrawn or
cancelled.  If you disagree with that decision, contact the Appeals Coordinator.
You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

EX. 2, PG. 23

June 24, 2005

N. Grannis,

Enclosed is a 602 you sent back to me, with your attached letter dated May 27, 2005, with instructions. Why this mail even took so long to reach me is anyone's guess.

Nevertheless, I followed your instructions and sent the material to the Appeals Coordinator, Jeppeson, as you will see in my letter to him with the 602 material, dated June 3, 2005. Take notice of his only response on my letter to him, highlighted in blue. If you ask me he did not do as requested in both your letter as well as the request made in my letter. As I have zero authority over your staff there's not much more I can do. I simply want to settle this 602, either administratively or in Court.

Respectfully,

Spencer R. Brasure

EX. 2, PG. 24

June 03, 2005

JUN 2 2 REC'D

Mr. Jeppeson,

Today I received the enclosed 602, returned to me from Sacramento; (SEE D.O.C. LETTER DATED MAY 27, 2005). Their letter to me states: "YOUR APPEAL WAS REJECTED, WITHDRAWN OR CANCELLED. IF YOU DISAGREE WITH THAT DECISION, CONTACT THE APPEALS COORDINATOR. YOU MUST COMPLY WITH INSTRUCTIONS FROM THAT OFFICE." I am therefore contacting you and requesting a face to face interview as I absolutly disagree with both the Second Level decision which triggered the D.O.C. response. Again, I ~~reiterate~~ reiterate, the Second Level's finding, cancelling my 602 as a duplicate is made incorrectly, (SEE ATTACHED, DIRECTOR'S LEVEL APPEAL DECISION, RE: 602 # SQ 03-3264, DATED FEB. 18, 2004) The 602 in this Director's Level Appeal Decision attacks the percentage amount of restitution being collected while the current 602 # SQ 04-3093 attacks the legal authority of collecting a restitution from a death sentenced inmate who's appeal is not final. Clearly these 602's in question are far different from each other and therefore this current 602 cannot be cancelled as a duplicate.

Respectfully,

Brasure # P10000
2-EY-9

6-22-5
Decision
Stands

EX. 2, PG. 25

**DEPARTMENT OF CORRECTIONS**
**Inmate Appeals Branch**
**P.O. Box 942883**
**Sacramento, CA 94283-0001**

JUN 2 2 REC'D

May 27, 2005

Brasure, CDC #P-10000
California State Prison, San Quentin
San Quentin, CA  94964

Re: Institution Appeal Log #SQ 04-3093 Funds

Dear Mr. Brasure:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

******PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE*****

EX. 2, PG. 26

STATE OF CALIFORNIA

**INMATE/PAROLEE S APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region    Log No.    Category
1. _____ SQ _____    1. 04-3093    76
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BRASURE | P-10000 | INNOCENT DEATH ROW INMATE | 2-EY-9 |

A. Describe Problem: APPEALLANT REQUESTS WAIVER OF INFORMAL LEVEL RESPONSE PURSUANT TO CCR § 3084.5(3)(b). ON 8-24-98 APPEALLANT WAS SENTENCED TO DEATH AND ORDERED TO PAY RESTITUTION AND A RESTITUTION FINE. PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §916(a): "... PERFECTING OF AN APPEAL STAYS PROCEEDINGS ... UPON THE JUDGEMENT OR ORDER APPEALED FROM OR UPON THE MATTERS EMBRACED THEREIN OR AFFECTED THEREBY, INCLUDING ENFORCEMENT OF THE JUDGEMENT OR ORDER ...." PENAL CODE §1239(b) STATES IN PERTINENT PART: WHEN ... A JUDGEMENT OF DEATH IS RENDERED, AN APPEAL IS AUTOMATICALLY TAKEN BY THE DEFENDANT ...."

If you need more space, attach one additional sheet.

B. Action Requested: THAT C.D.C. CEASES COLLECTION OF RESTITUTION AND RESTITUTION FINE EMBRACED WITHIN THE JUDGEMENT ISSUED ON AUGUST 24, 1998 UNTIL COMPLETION OF AUTOMATIC APPELLATE PROCEEDINGS.

Inmate/Parolee Signature: Spencer R. Brasure #P10000    Date Submitted: 12-06-04

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

**Bypass**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**Bypass**

RECEIVED
MAR - 2 2005
INMATE APPEALS BRANCH

Signature: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

EX. 2, PG. 27

First Level  ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **DEC 0 9 2004**    Due Date **JAN 2 1 2005**

Interviewed by: _____

Staff Signature: _____    Title: Act ISU    Date Completed: _____

Division Head Approved: _____

Signature: _____    Returned    **JAN 1 4 REC'D**

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

PENAL CODE §1243: AN APPEAL TO THE SUPREME COURT OR TO A COURT OF APPEAL FROM A JUDGEMENT OF CONVICTION STAYS THE EXECUTION OF THE JUDGEMENT IN ALL CASES WHERE A SENTENCE OF DEATH HAS BEEN IMPOSED, BUT DOES NOT STAY THE EXECUTION OF THE JUDGEMENT OR ORDER GRANTING PROBATION IN ANY OTHER CASE UNLESS THE TRIAL OR APPELLATE COURT SHALL SO ORDER.

Signature: _Spencer R. Brasure_  #P10000    Date Submitted: 01-22-05    **JAN 2 5 REC'D**

Second Level  ☐ Granted    ☐ P. Granted    ☐ Denied    ☒ Other _Cancelled_

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **JAN 2 5 2005**    Due Date: **FEB 2 3 2005**

☒ See Attached Letter

Signature: 02-326 _See attached letter_    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: 2-4-5

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

THE FEBRUARY 18, 2004 DIRECTOR'S LEVEL APPEAL DECISION DOES NOT ADDRESS THE ISSUE'S RAISED UNDER PENAL CODE SECTION 1239(b), AND 1243, AS SET FORTH IN THIS CURRENT APPEAL.

Signature: _Spencer R. Brasure_    #P10000    Date Submitted: 02-25-05

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

EX. 2, PG. 28

TS210B                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                            ITAS TRUST ACCOUNT DISPLAY

-----------   ACCOUNT INFORMATION   -----------  ------ SPECIAL ITEMS -------

:COUNT  NUMBER:   P10000
 ACCOUNT NAME:    BRASURE, SPENCER
 ACCOUNT TYPE:    I
IRRENT BALANCE:        0.00
 HOLD BALANCE:        24.66
NCUM. BALANCE:         0.00                ABNORMAL BALANCE
    AVAILABLE:        24.66-
IVILEGE GROUP:    D
 LAST CANTEEN:    01/20/2004
------------------------- RESTITUTION FINES ----------------------------RS403A
 CASE NUMBER    DATE SENTENCED    COUNTY CODE    FINE AMOUNT   BALANCE   STATUS
--------------------------------------------------------------------------
 *CR42412       08/24/1998          *VEN         117,500.00   117,176.99   C
  CR42412       08/24/1998           VEN          10,000.00     9,360.20   O


VIEW REST. XACTS, PLACE AN 'X' NEXT TO CASE #, AND PRESS F1

EX. 2, PG. 29

State of California                                                Department of Corrections

# MEMORANDUM

**Date:**    January 6, 2005

**To:**    Brasure, S.
          P10000

**From:**    California State Prison, San Quentin, CA 94964

**Subject:** **RESPONSE TO APPEAL – LOG # CSQ- 6-04-03093**

You are appealing the issue that you allege that you don't owe Restitution because you were sentenced to death. You request that the California Department of Correction cease in collection of Restitution.

On January 6, 2005, I conducted a face-to-face interview concerning your 602 appeal #CSQ-6-04-0393. I explained that on December 23, 2004, I contacted Restitution Headquarters in Sacramento requesting clarification on collection of Restitution of Inmates sentenced to death. Restitution Headquarters responded that there is not any legal verbiage that states when an Inmate is sentence to death his/her Restitution is stayed. Pursuant to your Abstract of Judgment (AOJ) the court imposed Restitution fine of $10,000.00 and two Direct Orders totaling $117,000.00 for case(s) CR42412. In accordance to Title 15, Section 3097, when an inmate owes any obligation pursuant to fine or direct order imposed by the Court, the Department of Corrections (CDC) is directed to collect appropriate percentage until the imposed fine(s) and/or direct order(s) are paid.

For the reasons stated above, your appeal is DENIED at the First Level of Response.

At the conclusion of the discussion, you appeared satisfied with the explanation.


**TRUDY STANLEY**
Accountant I Supervisor


**KELLY MITCHELL**
Business Manager I


JAN 1 4 REC'D

EX. 2, PG. 30

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **FEB 1 8 2004**

In re:    Brasure, P-10000
         California State Prison, San Quentin
         San Quentin, CA 94964

IAB Case No.: 0306021          Local Log No.: SQ 03-3264

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner J. Pearson, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that funds were inappropriately removed from his trust account as a collection of restitution payments. The appellant objects to having 33-percent deducted from his funds, as he believes his court order was for a 20-percent collection rate (plus administrative fee of 10-percent of the deduction). The appellant is requesting that eleven-percent of the deduction be returned to him.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the institution is required by regulation to collect restitution funds from inmates whom have outstanding court ordered restitution fines. All funds posted to the appellant's account on or after July 1, 2003 are subject to the revised restitution deduction amount. At the Second Level of Review the statutory authority for the collection of court imposed restitution fines and restitution orders has been delineated for the appellant. The statute allows that up to a maximum of 50-percent from the wages and trust account deposits of a prisoner may be deducted in addition to administrative fees. However, California Code of Regulations, Title 15, Section (CCR) 3097 was amended effective July 1, 2003, to direct that 30 percent or the balance owing, whichever is less, shall be deducted in addition to an administrative fee of ten percent of the deduction. On July 1, 2004, the rate of collection is to be increased again to 50 percent plus and additional five percent administrative fee.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A. FINDINGS:** The appellant is required to pay court ordered fines and restitution. The statute, and CDC policies and regulations support the actions taken by staff to collect court ordered restitution fines. No relief shall be afforded to the appellant at the Director's Level of Review.

    **B. BASIS FOR THE DECISION:**
    California Penal Code Section: 2085.5
    CCR: 3097

    **C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SQ
       Appeals Coordinator, SQ

EX. 2, PG. 31

MAR 0 1 REC'D

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

**1758**

☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE
COURT OF CALIFORNIA, COUNTY OF __VENTURA__

COURT (I.D.) __S560000__
BRANCH OR JUDICIAL DISTRICT ____

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT __SPENCER RAWLINS BRASURE__    ☒ PRESENT    CR42412A    – A
AKA:    ☐ NOT PRESENT    – B
COMMITMENT TO STATE PRISON    AMENDED    – C
ABSTRACT OF JUDGMENT    ABSTRACT ☐    – D
– E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 08-24-98 | 45 | J.P. CLONINGER | R. MARTIN |
| REPORTER M. KOHL | COUNSEL FOR PEOPLE CALVERT/PACHOWICZ | COUNSEL FOR DEFENDANT CASSY/POWELL | PROBATION NO. OR PROBATION OFFICER T. HART |

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**
☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT __2, 3, & 4__ (NUMBER OF PAGES) ___

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 667.5(a) STAY |
| 1 | PC | 187(a)¹ | Murder – 1st dgr | 96 | 07 | 15 | 98 | X | | | | | |
| | | 206 | Torture | 96 | 07 | 15 | 98 | X | | | | | |

**2. ENHANCEMENTS** charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter time total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

**3. ENHANCEMENTS** charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

**4.** Defendant was sentenced to State Prison for an indeterminate term:
A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ___    C. ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ___
B. ☒ For LIFE WITH POSSIBILITY OF PAROLE on counts __3__    D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts ___
E. ☒ For other term prescribed by law on counts __1, Death__ _____ (Specify term on separate sheet if necessary.)
PLUS enhancement time shown above

**5.** ☒ Indeterminate sentence shown on this abstract to be served ☒ consecutively to ☐ concurrent with any prior incompleted sentence(s).    Count 2

**6.** Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

Counts 2, 3, 4 and 8 are stayed pursuant to Penal Code Section 654 pending execution
of sentence on Count 1.
Defendant is ordered to serve 1 year in any penal institution as to Count 14 consecutive to
Count 2.

See Attachment page 4 for additional orders.
(Use an additional page if necessary.)

**7.** ☒ This Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

**8. EXECUTION OF SENTENCE IMPOSED:**
A. ☒ AT INITIAL SENTENCE HEARING    B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. ☐ AT REVOCATION OF PROBATION    D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT PC § 1170(d))    E. ☐ OTHER ___

| 9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 08-24-98 | CREDIT FOR TIME SPENT IN CUSTODY SEE DUS 290 633 INCLUSIVE: | ACTUAL LOCAL TIME 577 | LOCAL CONDUCT CREDITS 86 | STATE INSTITUTIONS ☐ DMH    ☐ CDC |
|---|---|---|---|---|

**10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:**
☒ FORTHWITH    INTO THE CUSTODY OF THE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA    ☐ CCWF—CHOWCHILLA    ☐ CALIF. INSTITUTIONS FOR MEN—CHINO    ☐ DEUEL VOC. INST.
☐ WASCO    ☒ SAN QUENTIN    ☐ R.J. DONAVAN
☐ OTHER

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

CLERK OF THE COURT

DEPUTY'S SIGNATURE ___    DATE ___

ROBERTA MARTIN

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the
Judicial Council of California    ABSTRACT OF JUDGMENT    PRISON COMMITMENT    INDETERMINATE

**EX. 2, PG. 32**

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT   1759   FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL } COURT OF CALIFORNIA, COUNTY OF  VENTURA
☐ JUSTICE

COURT (I.D.)   BRANCH OR JUDICIAL DISTRICT _____
S560000

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: SPENCER RAWLINS BRASURE
AKA:

☒ PRESENT   CR42412A  - A
☐ NOT PRESENT        - B
                     - C
COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT   AMENDED
                        ABSTRACT ☐   - E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 08-24-98 | 45 | J.P. CLONINGER | R. MARTIN |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| M. KOHLI | R. CALVERT/M. PACHOWICZ | C. CASSY/S. POWELL | T. HART |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS:

☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT  3   (NUMBER OF PAGES)   SENTENCE RELATION

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY COURT TRIAL | JURY | PLEA | CONV WAS | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 207(a) | Kidnapping | 96 | 07 | 15 | 98 | X | | U | PRINCIPAL | | |
| | PC | 451(a) | | | | | | | | | | | |
| 5 | PC | 182(a)(1)/487h(a) Conspiracy | | 96 | 07 | 15 | 98 | X | | M | X | 00 | 08 |
| | PC | 487/666 | Attempt Grand Theft | | | | | | | | X | | |
| 7 | PC | 451(a) | Arson | 96 | 07 | 15 | 98 | X | | M | X | 00 | 08 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each as 'S' for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter total in right-hand column.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each as 'S' for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for at space 2.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS   See Page 1 and Attachment Page 4

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

| | | |
|---|---|---|
| 7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays at terms for enhancements.) | 04 | 00 |
| 8. TOTAL TERM IMPOSED: | 04 | 04 |
| 9. EXECUTION OF SENTENCE IMPOSED: | 01 | 08 |

A. ☒ AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☐ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 08-24-98 | CREDIT FOR TIME SPENT IN CUSTODY 633 | TOTAL DAYS  INCLUDING: | ACTUAL LOCAL TIME 577 | LOCAL CONDUCT CREDITS 86 | STATE INSTITUTIONS |
|---|---|---|---|---|---|

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEVEL VOC. INST.
☐ DVI
☐ CDC
☐ SAN QUENTIN
☐ OTHER (SPECIFY):

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE
ROBERTA MARTIN

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to on this document.

Form Adopted by the
Judicial Council of California

ABSTRACT OF JUDGMENT – PRISON COMMITMENT

EX. 2, PG. 33

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**ATTACHMENT PAGE**

FORM DSL 290-A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **VENTURA**

COURT I.D. **6560000**    BRANCH

1760

PEOPLE OF THE STATE OF CALIFORNIA versus

DEFENDANT: SPENCER RAWLINS BRASURE

AKA:

☒ PRESENT   ☐ NOT PRESENT

CASE NUMBER (S)

| | |
|---|---|
| CR42412A | - A |
| | - B |
| | - C |
| | - D |
| | - E |

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

DATE OF HEARING
(MO) (DAY) (YR)
08/24/98

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

THIS IS ATTACHMENT PAGE NO. **3**

| COUNT | CODE | SECTION NUMBER | CRIME | Year Crime Committed | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY Jury Plea | Court Trial | N.G.I. | Time in Jail | Enhancement | Convicted Violent | Convicted Non-Violent | Sequentially Sentenced Stayed 654 | 654 Stay | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | PC | 182(a)(1)/207a | Conspiracy | 96 | 07 | 15 | 98 | X | | | U | | X | | | X | | |
| 9 | PC | 140 | Thrtn wtnss | 97 | 07 | 15 | 98 | X | | | U | | | X | | | | |
| 10 | PC | 140 | Thrtn wtnss | 97 | 07 | 15 | 98 | X | | | U | | | X | | | 01 | 00 |
| 11 | PC | 140 | Thrtn wtnss | 97 | 07 | 15 | 98 | | | | U | | | X | | | | |
| 12 | PC | 140 | Thrtn wtnss | 97 | 07 | 15 | 98 | | | | U | | | X | | | 01 | 00 |
| | | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found true, TIED TO SPECIFIC COUNTS (mainly in the 12022 series) for counts listed on this page.

| Chart | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
| | | | | | | | | | | |

4. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE:    | 04 | 00 |

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**ATTACHMENT PAGE, DSL 290-A**

Form Adopted by the
Judicial Council of California
Effective April 1, 1998

Pen.C. 1213.5

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURT

EX. 2. PG. 34

**1761**

ABSTRACT OF JUDGMENT — PRISON COMMITMENT
ATTACHMENT PAGE 4

8-24-98
PEOPLE OF THE STATE OF CALIFORNIA
VS SPENCER RAWLINS BRASURE                    CR42412A

The Court stays 4 months of the sentence as to Count 11 by operation of the 5 year limitation on aggregate sentences.

The court stays the time imposed as to Counts 5, 6, 7, 12 and 14 by operation of the 5 year limitation on aggregate sentences.

Court recommends that the defendant participate in a counseling or education program pursuant to 1203.096 PC.

Defendant shall pay a restitution fine in the amount of $10,000 to the State Restitution Fund.  Payment of the restitution fine is stayed pending successful completion of parole.

Defendant shall pay restitution to Lee Anderson in the amount of $102,500.

Defendant shall pay restitution to Jimmie West in the amount of $15,000.

Defendant shall pay a restitution fine in the amount of $10,000 to the State Restitution Fund.

EX. 2, PG. 35



# RESTITUTION
# FAX

DATE: *12-23-04*
NUMBER OF PAGES INCLUDING COVER SHEET: *2*

TO: RESTITUTION
ATTN: *Gina*
Fax Number: (916) 358-0347

FROM: *Sheri*
INSTITUTION: *SQ trust*
Phone Number: *415-454-1460*
Fax Number: *415-455-5045*

CDC NUMBER: *P00000*    CASE NUMBER: _____
NAME: *Prasure*

When faxing more than one inmate request, do not enter CDC number, Case Number and Name on the fax cover. Attach copies of applicable documents for all requests.

Separate requests by like types and fax each type with a separate cover sheet. Limit 1 inmate per fax for 602 appeals, and 10 inmates per fax for all other requests.

***Number of Restitution Cases requesting to be researched_____

## Check Appropriate Box:

☐  602 APPEAL
Appeal Due Date_____
We cannot guarantee to meet the due date.

☐  BALANCE DISCREPANCY
Include legible copies of transfer or update reports, if applicable.

☐  NEGATIVE BALANCE

☐  PVRTC- Resubmit of fine___; direct order___
The balance does not agree with the screen print.

☐  Other_____

☐  Direct order CDC 1497's entered at $99,999.99.

☐  CDC 1497A - Restitution Adjustment
Attach 1497A(s)

*EX. 2, PG. 36*

TRANSACTION REPORT

DEC-23-04 THU 02:15 PM

| DATE START | RECEIVER | TX TIME | PAGES TYPE | NOTE | M# | DP |
|---|---|---|---|---|---|---|
| DEC-23 02:14 PM | 919163580347 | 1'18" | 2 SEND | OK | 199 | |

TOTAL :     1M 18S   PAGES:    2

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

NOV-12-04 FRI 06:39 AM   TRUST RESTITUTION        FAX NO. 9163580347        P. 08/08



# RESTITUTION FAX

DATE: _12-23-04_
NUMBER OF PAGES INCLUDING COVER SHEET: _2_

TO: RESTITUTION
ATTN: _Mia_
Fax Number: (916) 358-0347

FROM: _Sheri_
INSTITUTION: _SQ trust_
Phone Number: _415-454-1460_
Fax Number: _415-415-5045_

CDC NUMBER: _P00000_  CASE NUMBER: _____
NAME: _Brasure_

When faxing more than one inmate request, do not enter CDC number, Case Number and Name on the fax cover.  Attach copies of applicable documents for all requests.

Separate requests by like types and fax each type with a separate cover sheet.  Limit 1 inmate per fax for 602 appeals, and 10 inmates per fax for all other requests.

***Number of Restitution Cases requesting to be researched

EX. 2, PG. 37

EXHIBIT #3

FILED

MAR 10 2008

MARIN COUNTY SUPERIOR COURT
By _____

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN RE THE APPLICATION OF SPENCER R. BRASURE, P 10000

Petitioner

FOR A WRIT OF *HABEAS CORPUS*

Case No.: SC 144470A

ORDER DENYING WRIT OF *HABEAS CORPUS*

The court has received and read Petitioner Spencer R. Brasure's application for a Writ of *Habeas Corpus*, filed November 8, 2005, wherein he contends that the California Department of Corrections has been and is wrongfully collecting restitution from him.

The court reviewed and read Mr. Brasure's letters dated July 26th and November 7, 2005, respectively; the two pages of Restitution Fax from "Sheri" to "Restitution"; the four page Abstract of Judgment of 8.24.98; the one page February 18, 2004 Director's Level Appeal Decision finding that Mr. Brasure is required to pay court ordered fines and restitution; the one page January 6, 2005 Department of Corrections Response to

EX 3, PG 38

Appeal; the one page ITAS Trust Account Display, said account in petitioner's name; the one page front and back of the Inmate/Parolee Appeal Form initially submitted December 6, 2004; and the one page May 27, 2005 and October 1, 2005 letters from the Chief of the Inmate Appeals Branch.

The court also reviewed the January 9, 2006 Informal Response filed by the California Attorney General's office, and the petitioner's Reply filed February 17, 2006.

Petitioner contends that the automatic appeal of a judgment imposing the death penalty stays all orders including the taking of money from his trust account to pay toward restitution orders.

Penal Code §1239(b) provides that when a judgment of death is rendered, an appeal of that death sentence is automatically taken by the defendant.  Pursuant to Penal Code §1243, the appeal from that judgment of conviction stays the execution of the death sentence.

In petitioner's case the judgment in Count 1 against the petitioner imposed the death penalty (Ex.A, Abstract of Judgment, Indeterminate Sentence, Form CR 292).  The referenced abstract also reflects several other counts wherein sentencing terms were imposed, some of which were stayed by the trial court, plus a court order for restitution payment to two victims totalling $117,500. The trial court did not order a stay of the

Ex 3, PG 39

1  restitution payments to the victims.  Note, the restitution to
2  victims in criminal cases is also enforceable as if the order
3  were a civil judgment.

4     While the death sentence is stayed pending the automatic
5  appeal, the civil remedy provided to the victims in the form of
6  restitution is not stayed.

7     This court does not find that the CDCR is improperly
8  collecting and withdrawing funds from petitioner's trust account
9  for payment to the victims.

10    This Court does not address petitioner's claim that
11 collecting money from his trust account to pay the $10,000
12 restitution fine is likewise improper as such claim is not ripe;
13 no money is being withdrawn from his account for that purpose;
14 accordingly, there is no existing controversy for this Court to
15 remedy[1].

17    Accordingly, Petitioner's application for habeas corpus
18 relief is denied.

19 Date:   March 10, 2006

   Faye D. Opal
   Judge of the Superior Court

20
21
22
23
24
_____

25 [1] It should be noted, however, that this fine was not imposed for petitioner's
first degree murder conviction under Count 1 nor was it stayed by the trial
court; accordingly, the execution of the payment of the $10,000 restitution
fine is not stayed.

EX. 3, PG. 41

STATE OF CALIFORNIA )
COUNTY OF MARIN        )

IN RE  **SPENCER R. BRASURE**

ACTION NO.:  **SC144470A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903.  ON **March 14, 2006** I SERVED THE WITHIN
**ORDER DENYING WRIT OF HABEAS CORPUS** TO ALL INTERESTED
PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED
ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED
STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED AS
FOLLOWS:

| | |
|---|---|
| *SPENCER R. BRASURE*<br>*CDC NO. P-10000*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* | *WARDEN*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* |
| *ATTORNEY GENERAL*<br>*DEPARTMENT OF JUSTICE*<br>*ATTN: ELIZABETH S. KIM*<br>*455 GOLDEN GATE AVENUE, STE 11000*<br>*SAN FRANCISCO, CA 94102-7004* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE: **3/14/06**          R Ma _____



C-108
Marin County Superior Court
P. O. Box 4988
San Rafael, California 94913-4988

CONFIDENTIAL MAIL
This letter was opened and searched in
the presence of the inmate addressee.

Delivered by: _____ Officer

Received by: _____ Inmate

Date: 03-15-06

SPENCER R. BRASURE
CDC NO. P-10000
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

MAR 14 06

U.S. POSTAGE

EXHIBIT #4

CR-110/JV-790

ATTORNEY OR PERSON WITHOUT ATTORNEY (Name, state bar number, and address):

☐ Recording requested by and return to:

TELEPHONE NO.:          FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

☐ ATTORNEY FOR    ☐ JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

FOR RECORDER'S USE ONLY

CASE NUMBER:

CASE NAME:

FOR COURT USE ONLY

## ORDER FOR RESTITUTION AND ABSTRACT OF JUDGMENT
(Penal Code, §§ 1202.4(f), 1214; Welfare and Institutions Code, § 730.6(h) and (i))

### ORDER FOR RESTITUTION

1. a. ☐ On (date):          defendant (name):
      was convicted of a crime that entitles the victim to restitution.

   b. ☐ On (date):          child (name):
      was found to be a person described in Welfare and Institutions Code section 602, which entitles the victim to restitution. ☐ Wardship is terminated.

   c. ☐ Parents or guardians jointly and severally liable (name each):

   d. ☐ Co-offenders found jointly and severally liable (name each):

2. Evidence was presented that the victim named below suffered losses as a result of defendant's/child's conduct. Defendant/child was informed of his or her right to a judicial determination of the amount of restitution and

   a. ☐ a hearing was conducted.

   b. ☐ stipulated to the amount of restitution to be ordered.

   c. ☐ waived a hearing.

3. THE COURT ORDERS defendant/child to pay restitution to

   a. ☐ the victim (name):          in the amount of: $

   b. ☐ the State Victim Compensation Board, to reimburse payments to the victim from the Restitution Fund, in the amount of: $

   c. ☐ plus interest at 10% per year from the date of    ☐ loss   or   ☐ sentencing

   d. ☐ plus attorney fees and collection costs in the sum of $

   e. ☐ plus an administrative fee at 10% of the restitution owed (Pen. Code, § 1202.4(l); Welf. & Inst. Code, § 730.6(q))

4. The amount of restitution includes

   a. ☐ value of property stolen or damaged

   b. ☐ medical expenses

   c. ☐ lost wages or profits

      (1) ☐ incurred by victim due to injury

      (2) ☐ of victim's parent(s) or guardian(s) (if victim is a child) incurred while caring for the injured child

      (3) ☐ incurred by victim due to time spent as a witness or in assisting police or prosecution

      (4) ☐ of victim's parent(s) or guardian(s) (if victim is a child) due to time spent as a witness or in assisting police or prosecu

   d. ☐ noneconomic losses (felony violations of Pen. Code, § 288 only)

   e. ☐ other (specify):

Date:

_____
JUDICIAL OFFICER

Page

### VICTIM TO RECEIVE CERTIFIED COPY FOR FILING WITH COUNTY RECORDER

Penal Code, §§ 1202.4(f)
Welfare and Institutions Code, § 730.6(h),
Civil Code, §
Code of Civil Procedure, § 67

Form Approved for Optional Use
Judicial Council of California
CR-110/JV-790 [Rev. January 1, 2004]

### ORDER FOR RESTITUTION AND ABSTRACT OF JUDGMENT

THOMSON
WEST

EX. 4, PG. #43

| CASE NAME: | CASE NUMBER: |
|---|---|

## NOTICE TO VICTIMS

**PENAL CODE SECTION 1214 PROVIDES THAT ONCE A DOLLAR AMOUNT OF RESTITUTION HAS BEEN ORDERED, THE ORDER IS THEN ENFORCEABLE AS IF IT WERE A CIVIL JUDGMENT. ALTHOUGH THE CLERK OF THE COURT IS NOT ALLOWED TO GIVE LEGAL ADVICE, YOU ARE ENTITLED TO ALL RESOURCES AVAILABLE UNDER THE LAW TO OBTAIN OTHER INFORMATION TO ASSIST IN ENFORCING THE ORDER.**

**THIS ORDER DOES NOT EXPIRE UNDER PENAL CODE SECTION 1214(d).**

**THE VICTIM SHALL FILE A SATISFACTION OF JUDGMENT WITH THE COURT WHENEVER AN ORDER TO PAY RESTITUTION IS SATISFIED, PURSUANT TO PENAL CODE SECTION 1214(d).**

## APPLICATION FOR ABSTRACT OF JUDGMENT

5. The ☐ judgment creditor ☐ assignee of record ☐ other *(specify):*
applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address

   b. ☐ Driver's license no. and state:     ☐ Unknown
   c. ☐ Social security no.:     ☐ Unknown
   d. ☐ Date of birth:     ☐ Unknown

Date:

▶

_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF APPLICANT OR ATTORNEY)
   ☐ ON INFORMATION AND BELIEF

## ABSTRACT OF JUDGMENT

6. I certify that the following is a true and correct judgment entered in this action.

[SEAL]

7. Judgment creditor *(name):*
   ☐ whose address or whose attorney's address appears on this form above the court's name.

8. Judgment debtor *(full name as it appears in judgment):*

9. Judgment entered on *(date):*

10. Total amount of judgment as entered or last renewed: $

11. ☐ A stay of enforcement was ordered on _____ and is effective until_____.
    ☐ A stay of enforcement was not ordered.

This abstract of judgment issued on *(date):*

Clerk, by _____, Deputy

## NOTICE TO COUNTY RECORDER

**THIS ORDER IS ENFORCEABLE AS IF IT WERE A CIVIL JUDGMENT, PURSUANT TO PENAL CODE SECTION 1202.4(f) AND (m), PENAL CODE SECTION 1214, AND WELFARE AND INSTITUTIONS CODE SECTION 730.6(i) AND (r), AND FUNCTIONS AS AN ABSTRACT OF JUDGMENT.**

CR-110/JV-790 [Rev. January 1, 2004]

**ORDER FOR RESTITUTION
AND ABSTRACT OF JUDGMENT**

Page 2 of 2

EX. 4 , PG. 44



* CONFIDENTIAL LEGAL MAIL *

André T. Brace, P0006
San Quentin State Prison; Death Row
P.O. Box 1000/7 INNOCENT DEATH
San Quentin, California

* CONFIDENTIAL
LEGAL MAIL

* CONFIDENTIAL
LEGAL MAIL

United States District Court
Northern District of California
ATTN: Judge Jeremy Fogel #2112
280 S. First St.,
San Jose, California
95113 - 3003

Office of the Clerk

$ 00.09⁰
MAR 17 2008
MAILED FROM ZIPCODE 94964
02 1M
0004248283

3/13/08

ONFIDENTIAL   LEGAL   MAIL   ✳

a federal crime to tamper with my mail in any way or form.
rcludes San Quentin staff making unlawful comments and writings on this
and contents, and the intentional theft and destruction of any of my mail
as the deliberate and malicious switching of contents from one envelope
to another.

)U'RE   BEING   MONITORED!