1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SPENCER R. BRASURE,                           No. C 08-01528 JF (PR)

        Plaintiff,                          ORDER OF DISMISSAL; DENYING
                                               MOTION FOR APPOINTMENT OF
  v.                                           COUNSEL

ROBERT AYERS, Warden,

        Defendant.
                                               (Docket No. 2)
_____/

      Plaintiff, a California prisoner incarcerated at San Quentin State, filed the instant civil

rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for appointment of

counsel (Docket No. 2).  Plaintiff was granted leave to proceed in forma pauperis. (Docket

No. 6.)


**DISCUSSION**

A.    28 U.S.C. § 1915A(a) Screening

      A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.

See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

According to the complaint, Plaintiff was sentenced to death following his state conviction for first degree murder.  Plaintiff filed an automatic appeal of the judgment which stays the execution of the judgment in all cases where a sentence of death has been imposed. See California Penal Code § 1243.  The judgment against Plaintiff included restitution penalties.  Plaintiff alleges that the automatic appeal stays all orders, including the taking of money from his trust account to pay restitution.  Plaintiff claims that Defendant therefore acted wrongfully in continuing to withdraw money from his trust account to pay restitution fines after the judgment had been stayed.

1.    Review of State Court Decision

Plaintiff presented the case to the state court in the form of a state habeas petition. (Compl. Ex. 3.)  The state court denied the petition, finding that money was not improperly being collected and withdrawn from Plaintiff's account because the civil remedy provided to victims in the form of restitution was not stayed under § 1243.  (Id. at 3.)  In the instant § 1983 complaint, Plaintiff is essentially appealing the state court's interpretation of § 1243. Plaintiff would have this Court reverse the state court's finding with respect to its interpretation of state law, which is not permitted.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988).  Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    2.    <u>Due Process</u>

2    Plaintiff claims that "enforcement of the judgment through civil remedies conflicts

3    with Penal Code Sections 1239(b) and 1243, and denie[s] [Plaintiff] his due process rights

4    under the state and federal constitutions."  (Compl. at 8.)

5    The Due Process Clause protects persons against deprivations of life, liberty or

6    property without adequate process.  <u>Wilkinson v. Austin</u>, 545 U. S. 209, 221 (2005).  Those

7    who seek to invoke the procedural protections of the Due Process Clause must establish that

8    their life, liberty or property is at stake.  <u>Id.</u>  First, the liberty interest in question must be one

9    of "real substance."  <u>Sandin v. Conner</u>, 515 U.S. 472, 477-87 (1995).  A liberty interest of

10    "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical

11    and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>id.</u>

12    at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," <u>id.</u> at 487.

13    Second, the state statutes or regulations must narrowly restrict the power of prison officials to

14    deprive the inmate of the liberty interest.  <u>Id.</u> at 477- 87.

15    In the instant case, Plaintiff must establish that the deprivation of money taken from

16    his trust account to pay restitution implicates due process because it has resulted in the

17    imposition of ongoing conditions of confinement creating an "atypical and significant

18    hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id.</u> at 484.

19    Plaintiff does not.  It cannot be said that the enforcement of a judgment that imposes

20    restitution payments following a state conviction poses such an "atypical and significant

21    hardship" in relation to the "ordinary incidents of prison life" as contemplated by <u>Sandin</u>.

22    <u>See id.</u> at 484.

23    Furthermore, Plaintiff fails to show that the state statute or regulation, *i.e.*, California

24    Penal Code § 1243, narrowly restricts the power of prison officials to deprive the inmate of

25    the liberty interest.  <u>Id.</u> at 477- 87.  Section 1243 states that "[a]n appeal to the Supreme

26    Court or to a court of appeal from a judgment of conviction stays the execution of the

27    judgment in all cases where a sentence of death has been imposed...."  Cal. Penal Code §

28    1243.  Plaintiff claims this language requires that the entire judgment be stayed and not just

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Brasure1528_dismissal.wpd

1  the imposition of the death sentence.  The Court does not agree.  Part of the title of the statue

2  is "stay of judgment of death" and specifically applies only to judgments "where a sentence

3  of death has been imposed."  Id.  The statute does not narrowly restrict the power of the state

4  court or prison officials to enforce judgments other than the execution of the death sentence,

5  such as restitution payments.  Plaintiff has failed to show that prison official violated due

6  process.  Accordingly, this claim is dismissed for failure to state a claim upon which relief

7  may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).

8

9                                **CONCLUSION**

10         For the reasons stated above, this action is DISMISSED for failure to state a claim

11  upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).

12         Plaintiff's motion for appointment of counsel (Docket No. 2) is DENIED as moot.

13         IT IS SO ORDERED.

14

15  DATED: ___7/17/08_____        _____
                                        JEREMY FOGEL
16                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Brasure1528_dismissal.wpd